UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGO ZUNIGA, | : |
| Petitioner, | : |
| | : Case No. 3:08-CV-467 |
| v. | : |
| | : (Judge Kosik) |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE, et al., | : |
| Respondents. | : |

## MEMORANDUM

Petitioner in this action is Hugo Zuniga, who is incarcerated at State Correctional Institution at Frackville. Before us are the petitioner's objections to the Magistrate Judge's Report and Recommendation of June 11, 2008, regarding his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] For the reasons that follow, we will adopt the Report and Recommendation of the Magistrate Judge, and deny the petition.

### BACKGROUND

The Court of Common Pleas of Philadelphia convicted Zuniga of involuntary deviate sexual intercourse and criminal attempt to commit involuntary deviate sexual intercourse, and sentenced him to a term of seven to eighteen years imprisonment. Since Zuniga's minimum sentence expired on October 13, 2003, the Pennsylvania Board of Probation and Parole (the "Board") has denied his parole four times. On August 16, 2007, the Board most recently denied

---

[1] 28 U.S.C. § 2254(a) provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Zuniga's parole because of his "minimization/denial of the nature and circumstances of the offense(s) committed" and his "need to participate in and complete additional institutional programs." The Board advised Zuniga that at his next parole hearing, the Board will consider whether Zuniga has participated in a treatment program for sex offenders.

Zuniga filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on March 12, 2008.[2] Zuniga alleges that the Board denied him due process when it denied his parole. The Board filed a response to the petition on April 8, 2008, to which Zuniga filed a traverse on May 28, 2008.

Magistrate Judge J. Andrew Smyser issued a Report and Recommendation regarding Zuniga's petition on June 11, 2008. The Magistrate Judge recommends that we deny Zuniga's petition because under Pennsylvania law, a state prisoner has no liberty interest in their chance of parole, see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 422 U.S. 1, 7 (1979); Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997), and because the Board did not arbitrarily or capriciously deny Zuniga's parole or deny Zuniga's parole based on impermissible criteria, see Block v. Potter, 631 F.2d 233, 236–37 (3d Cir. 1980).

On June 30, 2008, Zuniga filed objections to the Report and Recommendation. He also requested on July 7, 2008 that we take judicial notice of Somers v. Schwartz, No. 04-CV-0698, 2007 WL 2177880 (E.D. Cal. Jul. 27, 2007) (order recommending the grant of petitioner's writ of habeas corpus).[3] Respondents responded by brief to Zuniga's objections on July 15, 2008.

Zuniga objects that (1) the proposed findings of the Magistrate Judge are erroneous; (2) the Magistrate Judge failed to address the petitioner's right and liberty interest in participating in

---

[2]Zuniga previously filed a § 1983 action alleging substantially the same claim as this habeas petition, which we dismissed on November 26, 2007, because Zuniga failed to discover the names of unnamed members of the Board. See Zuniga v. All Unnamed Members of the Pa. Bd. of Prob. & Parole, No. 06-CV-252 (M.D. Pa. Nov. 26, 2007) (order adopting the report and recommendation and dismissing the petition for writ of habeas corpus).

[3]We have so noted the case, but find it inapposite to the instant facts because the court in Somers found that the petitioner had a liberty interest in parole under the laws of California. See Somers, 2007 WL 2177880, at *4.

a program conducted in Spanish if the Board requires him to complete such program; (3) the Magistrate Judge failed to follow Greenholtz, 422 U.S. 1, and its progeny as it relates to the review of due process claims; (4) the Magistrate Judge failed to address the petitioner's right to enter the program for rehabilitation; and (5) the Magistrate Judge failed to issue a certificate of appealability. Zuniga also requests that we hold an evidentiary hearing. Zuniga's essentially claims that the Board's decision to require him to take a sex-offender program in prison before it will grant him parole violates his due process rights because the program is not offered in Spanish.

### DISCUSSION

**I.    Exhaustion**

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the petitioner. See 28 U.S.C. § 2254(b)(1).

In Pennsylvania, a state prisoner may only challenge a Board decision on constitutional grounds by petitioning for a writ of mandamus from the Pennsylvania Commonwealth Court:

> Direct appeal of the denial of parole is precluded by Rogers v. Com. Bd. of Probation and Parole, 555 Pa. 285, 724 A.2d 319 (1999), which held that due to its discretionary nature, the decision to deny parole is not an adjudication subject to appeal under the Administrative Agency Law and does not implicate any constitutionally protected interest. However, the Rogers decision noted that "[w]hile appellants are not entitled to appellate review of a Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus . . . ." 724 A.2d at 323, n. 5.

Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 289 (Pa. 2001) (footnote omitted). Because mandamus does not lie to compel a purely discretionary act, it cannot be used to challenge the substance of a discretionary act of the Board. See id. at 290. Because the Board's decision to grant parole is discretionary, see Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997), a state prisoner challenging the denial of parole would be precluded from petitioning for mandamus in the Commonwealth Court. See DeFoy v. McCullough, 393 F.3d

439, 445 (3d Cir. 2005). Zuniga has fulfilled the requirements of § 2254(b)(1) because "there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i).

## II.  Standard of Review

When objections are filed to a Report and Recommendation of a Magistrate Judge, we review de novo the portions of the Report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## III.  Merits of Objections

### A.  Objections Regarding The Standards Used In Due Process Claims

As the Magistrate Judge details in his Report and Recommendation, a petitioner may challenge a parole board's decision as a violation of procedural due process or substantive due process. Procedural due process is violated only if the prisoner has a liberty interest in parole. Because Pennsylvania law does not create a liberty interest in parole—only the consideration of parole—Zuniga cannot challenge the Board's decision to deny his parole based on procedural due process. The Magistrate Judge discussed this issue in his Report and Recommendation. Zuniga should refer to pages 4 and 5 of the Report and Recommendation for the Magistrate Judge's reasoning. In addition, Zuniga could also refer to the opinion in his Eastern District of Pennsylvania habeas petition, which addresses his procedural due process claims on pages 1, 11, and 12. See Zuniga v. Pa. Bd. of Prob. & Parole, No. 05-CV-5517, 2007 WL 1002179 (E.D. Pa. Mar. 29, 2007). We will not repeat this logic for a third time.

In addition to a procedural due process claim, a petitioner may allege that a parole board's decision violated his substantive due process rights. To determine whether a prisoner's

4

substantive due process rights have been violated, we consider whether the parole board's decision was arbitrary or capricious, or, to put it another way, whether the parole board abused its discretion in denying the prisoner's parole. In addition, we may consider whether the parole board based its decision on impermissible factors. This is the test that Zuniga discusses in paragraph 11 of his brief in support of his objections. The Magistrate Judge discussed the test and applied it to the Board's denial of Zuniga's parole on pages 4 through 6 of his Report and Recommendation.

Although Zuniga challenges the Magistrate Judge's reasoning, the Magistrate Judge properly applied the standards for due process. Therefore, Zuniga's objections are overruled.

    B.    Objections Regarding Factual Issues

Zuniga objects to the Magistrate Judge's findings of fact, and argues that we ought to hold an evidentiary hearing to further develop the record. It is difficult for us to discern what facts Zuniga would like to further develop and to what findings he specifically objects. Therefore, we will state the facts as they appear to us.

The sex-offender program that Zuniga must attend has two phases, neither of which are offered in Spanish at SCI Frackville. Zuniga has successfully completed phase one. Zuniga neither alleges nor provides information that his language limitations prevented him from understanding the phase one classes. In fact, according to a 3/21/04 Request to Staff, Zuniga turned down ESL classes because he had his GED, is bilingual, and is not interested in improving his English. Phase two requires the sex offender to admit guilt and to accept responsibility for the crime. Zuniga has not completed phase two, and has continually requested a transfer to a state prison that offers phase two in Spanish.

Despite Zuniga's alleged shortcomings in the English language, he may enroll in phase two; there is no requirement that participants in the sex-offender program have as requisite fluency in the English language. Indeed, Zuniga did enroll in phase two as shown by his 1/18/05 Request to Staff. Zuniga provides us with no information regarding whether he attended any

5

phase two classes. From what we can tell from Zuniga's pleadings and requests to staff, Zuniga can communicate effectively in English. In paragraph 9 of his brief in support of his objections, Zuniga states that he is "bilingual." Furthermore, we reiterate that Zuniga's ability to participate in phase two of the sex-offender program was not limited by his alleged language deficiencies—Zuniga can still participate in the classes even with his less-than-perfect knowledge of the English language.

According to Zuniga's brief in support of his habeas petition, "what happens in the SOP for English speaking inmates results in petitioner still not receiving credit for participation in SOP because active participation is mandatory." Although Zuniga argues that he would not receive credit if he were to participate in the sex-offender program, Zuniga does not allege that he attended phase two, but could not participate because of his language deficiencies and was thus denied credit for his attempted participation. In addition, Zuniga's argument is undermined by his successful participation in phase one of the program.

It is within our discretion to hold an evidentiary hearing in a habeas petition, see Rule Governing § 2254 Cases 8(a), and we find that a hearing would not further the interests of justice because no factual issue is in dispute or requires more discovery. Zuniga's objections regarding factual findings are overruled.

C.   Remaining Objections

Zuniga argues that the Magistrate Judge failed to consider whether the petitioner has a right or liberty interest to attend the program in Spanish or a right to rehabilitation. We need not decide these issues because phase two of the sex-offender program is available to Zuniga, and based on the information presented to us by Zuniga, he can participate in that program.

### Conclusion

Zuniga has failed to present us with information to support his allegation that he cannot participate in the required sex offender program because it is not offered in Spanish. In fact, to our knowledge, Zuniga has failed to try to participate in phase two of the required sex offender

program. Given that Zuniga has some understanding of the English language, how does he know that he cannot participate in phase two of the program without attending and trying to participate in the program?

Each time the Board denies Zuniga's parole, it advises him of the requirements he still needs to accomplish before the Board will release him on parole, and the Board has stated that completion of the sex-offender program is one of the requirements. Perhaps Zuniga will now try to participate in phase two of the program, with the hope that his successful completion of it will secure his desired parole.

To be clear for Zuniga's sake, the Board did not arbitrarily or capriciously deny Zuniga's parole because Zuniga failed to attend the required sex-offender program. Zuniga's failure to attend—or even try to attend and participate in—the phase two program provides a reasonable basis for the Board to deny his parole. Further, the Board had another reason to deny Zuniga's parole. We have considered Zuniga's objections, find that they have no merit, and overrule them. Accordingly, we adopt the Report and Recommendation of the Magistrate Judge, and deny Zuniga's petition for a writ of habeas corpus.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGO ZUNIGA,<br><br>               Petitioner,<br><br>      v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br><br>               Respondents. | Case No. 3:08-CV-467<br><br>(Judge Kosik) |

## **ORDER**

AND NOW, this 28th day of August, 2008, IT IS HEREBY ORDERED THAT:

1. The petitioner's objections to the Report and Recommendation are OVERRULED;

2. The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated June 11, 2008 is ADOPTED;

3. The petitioner's petition for writ of habeas corpus is DENIED;

4. The Clerk of Court is directed to CLOSE this case and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

5. Based on the court's conclusions herein, a certificate of appealability will not be issued.

*s/Edwin M. Kosik*
United States District Judge